UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, | No. 2:17-cv-2069-JAM-CKD |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| ENHANCED ATHLETE, INC., a Wyoming Corporation; GILMORE ENGINEERING, INC., an unincorporated association; SCOTT E. CAVELL, an individual; CHARLES ANTHONY HUGHES, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Nutrition Distribution, LLC, doing business as Athletic Xtreme ("Plaintiff") is suing Enhanced Athlete, Inc., Gilmore Engineering, Inc., Scott E. Cavell, and Charles Anthony Hughes (collectively "Defendants") for false advertising and violation of the Civil Racketeer Influenced and Corrupt Organization Act ("RICO"). Plaintiff now seeks a preliminary injunction enjoining Defendants from producing, licensing, marketing, and selling DNP products and from establishing any

1

other entity for the purpose of doing so.  For the reasons set forth below, Plaintiff's motion for preliminary injunction is DENIED.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff has accused Defendants of false and misleading advertising with respect to products containing 2,4-Dinitrophenol ("DNP"), which Defendants market and sell to body builders, gym users, and the like.  Compl. ¶¶ 1, 3.  Plaintiff contends that this product is dangerous for human consumption but Defendants promote it as an ingestible fitness supplement that increases fat loss.  See id. at ¶ 28.  Plaintiff manufactures and markets its own supplement—Slim FX—which competes for similar customers.  Id. at ¶¶ 18-21.  Plaintiff now sues Defendants for false advertising under § 43(a)(1)(B) of the Lanham Act and for engaging in a long-term scheme to defraud customers in violation of RICO.  Id. at ¶¶ 38-54.

Shortly after filing this suit, Plaintiff filed an ex parte application for a temporary restraining order.  ECF No. 4.  The Court denied the request, finding Plaintiff failed to file the requisite affidavits in support of its motion, and set a briefing schedule for the preliminary injunction request.  ECF No. 8. Hughes and Cavell attest that they have not yet been served with the summons and complaint in this lawsuit.  Cavell Decl. ¶¶ 9-10; Hughes Decl. ¶ 2.  Rutan & Tucker, LLP, filed an opposition on behalf of Enhanced Athlete and Cavell, appearing solely for the purposes of opposing the pending motion.  Opp'n at 5.

## II. OPINION

### A. Legal Standard

"A plaintiff seeking a preliminary injunction must establish the he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)). A plaintiff must establish that the irreparable harm is likely, not just possible. Id.

### B. Analysis

The Court finds Plaintiff is not entitled to a preliminary injunction because it has failed to demonstrate irreparable harm. Because this conclusion is dispositive, the Court does not need to address the remaining three factors set out in Winter. See Nutrition Distribution LLC v. Lecheek Nutrition, Inc., No. CV 15-1322-MWF (MRWx), 2015 WL 12659907 (C.D. Cal. June 5, 2015) ("Indeed, suffering irreparable harm prior to a determination of the merits is perhaps the single most important prerequisite for the issuance of a preliminary injunction.") (citation and quotation marks omitted).

Plaintiff argues the irreparable harm prong of the Winter test is met because of the serious risk of harm DNP poses to the life of those who ingest it. Mot. at 17-18. However, Plaintiff provides no authority under which the Court may consider irreparable harm to third parties in lieu of or in addition to

irreparable harm to Plaintiff.  See Winter, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish . . . that *he* is likely to suffer irreparable harm[.]") (emphasis added); Wooten v. BNSF Railway Co., No. CV 16-139-M-DLC-JCL, 2017 WL 1089546, at *1 (D. Mont. Mar. 21, 2017) ("The Court agrees with Judge Lynch that harms alleged against third parties are not relevant to the irreparable harm prong of the Winter analysis."). Plaintiff is a competitor, not a consumer.  While it may be appropriate to consider this risk in weighing public interest concerns, the Court may not consider it in the irreparable harm analysis.

Plaintiff also argues that it "has lost sales after the introduction of DNP into the marketplace."  Mot. at 18. Plaintiff cites a paragraph in Michael Keplinger's declaration in support: "Slim FX sales decreased significantly since the fall of 2016 after the reintroduction of DNP into the marketplace by Defendants.  Since Defendants began selling DNP during the Fall of 2016, our sales of DNP have decreased 38%."  Keplinger Decl. ¶ 5.  Plaintiff also contends that any deficiency in this evidence is irrelevant because "in Lanham Act cases . . . injunctive relief may be granted upon proof that a false statement of fact in a commercial advertisement is material and has a tendency to deceive the relevant purchasing public[,]" which is sufficient to establish irreparable injury.  Rep. at 3–4 (citing National Products, Inc. v. Gamber-Johnson LLC, 734 F. Supp. 2d 1160, 1171 (W.D. Wash. 2010)).

The Court will not presume irreparable harm in evaluating the propriety of granting a preliminary injunction in a false

4

advertising case. See Leatherman Tool Grp., Inc. v. Coast Cutlery Co., 823 F. Supp. 2d 1150, 1157–58 (D. Ore. 2011) ("Given the direction that the Supreme Court and Ninth Circuit have taken in the context of copyright and patent cases, I decline to find that a presumption of irreparable harm exists in a false advertising claim."); Nutrition Distribution LLC, 2015 WL 12659907, at *7 ("Plaintiff has not demonstrated that any injury it might suffer would be irreparable absent an injunction."). Plaintiff's cited cases applying such presumption either predate decisions strictly requiring a showing that irreparable harm is likely or rely on that earlier authority. See National Products, 734 F. Supp. 2d at 1171 (relying on Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134 (9th Cir. 1997)); cf. Leatherman Tool Grp., 823 F. Supp. 2d at 1156–57 ("Leatherman argues that it is entitled to a presumption of irreparable harm if a tendency to deceive has been established. . . . The eBay Court disapproved of the use of 'categorical' rules with respect to irreparable harm. . . . It is now clear that eBay signifies a return to traditional equitable principles, under which presumptions of harm are not allowed.") (citing eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006)). Further, the cases Plaintiff relies upon involved a permanent injunction or damages following adjudication, not a determination of irreparable harm during the pendency of a case.

    Without a presumption, Plaintiff's evidence is insufficient to establish irreparable harm. The proffered declaration does not establish a causal connection—or even more than a merely speculative connection—between Defendants' product and marketing

and Plaintiff's decrease in sales.  Furthermore, Plaintiff only provides evidence supporting its loss in sales, which may be remedied by monetary damages.  See <u>Nutrition Distribution</u>, 2015 WL 12659907 at *7 ("An irreparable harm is one that cannot be redressed by a legal or equitable remedy following trial."). Because Plaintiff has not demonstrated it is likely to suffer irreparable harm its motion for a preliminary injunction must be denied.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED.

Dated: November 13, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE